CLD-164                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1072

_____

CLARENCE D. SCHREANE,
Appellant

v.

RONNIE HOLT, Warden; ANGELA P. DUMBAR, Associate Warden; MR. SAMPLE,
Unit Manager; MR. MCDONALD, Unit Manager

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01765)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  May 4, 2012)

_____

OPINION

_____

PER CURIAM

        Clarence D. Schreane, a federal inmate proceeding pro se and in forma pauperis,

appeals from two orders issued by the United States District Court for the Middle District

of Pennsylvania which rejected claims that he brought pursuant to Bivens v. Six

Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the following reasons, we will summarily affirm the Court's judgment.

Because we write only for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. In submissions to the District Court, Schreane alleged that Bureau of Prison ("BOP") employees at USP-Canaan interfered with his access to the courts by failing to provide photocopies of legal documents and postage stamps, denying access to the prison law library, and opening his legal mail outside his presence. He named as defendants Ronnie Holt, Warden; Angela P. Dunbar, Associate Warden; Mr. Sample, Unit Manager; and Mr. McDonald, Unit Counselor. By order entered November 2, 2011, the District Court adopted a Magistrate Judge's recommendation that Schreane's claims for specific monetary damages be "stricken" and that Warden Holt be dismissed because of "insufficient personal involvement." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a "defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). The remaining defendants filed a motion for summary judgment, arguing, inter alia, that Schreane failed to exhaust his administrative remedies and that, in any event, they were entitled to qualified immunity because Schreane failed to demonstrate that his First Amendment rights had been violated. Over Schreane's objections, the District Court adopted the Magistrate

2

Judge's recommendation and granted the defendants' motion for summary judgment. Schreane appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm the District Court for any basis supported by the record.[1] Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Schreane asserted that he was deprived of his constitutional right of access to the courts because the defendants refused to make photocopies of legal documents, failed to provide postage stamps, and denied him access to the prison law library. Although "there

_____

[1] In this connection, we note that the District Court did not provide Schreane leave to amend his complaint before dismissing the claims against Warden Holt based on a lack of personal involvement in the alleged wrongs. Ordinarily, a District Court should not dismiss a pro se complaint without granting leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002). Here, however, amendment to allege personal involvement would be futile because, as discussed below, Schreane's underlying claims lack merit. For the same reason, we need not address the District Court's conclusion that Schreane failed to exhaust his administrative remedies. See Ray v. Kertes, 285 F.3d 287, 296 (3d Cir. 2002) (recognizing that 42 U.S.C. § 1997e(c)(1)) allows a court to dismiss a complaint "without first requiring the exhaustion of administrative remedies.").

is no First Amendment right to subsidized mail or photocopying," Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997), prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). To establish a cognizable access to courts claim, a complainant must demonstrate that: (1) he suffered an "actual injury" (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir.2008). In addition, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. at 205–06 (citing Christopher v. Harbury, 536 U.S. 403, 416-17 (2002)).

Schreane alleged that he was not able to fully exhaust his administrative remedies and was prevented from meeting court deadlines in ongoing civil cases. The record belies Schreane's claims. According to an uncontested declaration submitted by Unit Counselor McDonald, Schreane was provided with photocopies of his requested legal documents. In addition, during the relevant time period, the BOP provided Schreane with a total of 109 stamps and he was able to submit several administrative grievance appeals. Although some of those appeals were rejected as untimely, Schreane failed to demonstrate that he lost a non-frivolous claim. Furthermore, while Schreane was incarcerated at USP-Canaan, he actively pursued several civil actions in the federal

4

courts. Notably, as the District Court concluded, the docket reports for those cases demonstrate that Schreane was able to timely submit numerous documents, none of which were rejected as untimely. Because there is no indication that Schreane's civil claims were affected by the alleged denial of photocopies, postage, or access to the law library, we conclude that the District Court properly granted summary judgment on his access to the courts claim. Reynolds, 128 F.3d at 183 (noting that "the inmates must point to evidence of actual or imminent in[ter]ference with access to the courts.").

Schreane also alleged that the defendants improperly opened a letter from the United States District Court for the Middle District of Pennsylvania outside his presence. The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. See Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). The Court has also recognized, however, that the rights of prisoners "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Thornburgh, 490 U.S. at 407 (quoting Turner, 482 U.S. at 85). Prisoners may establish a violation of the First Amendment without establishing an actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence. Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006).

Incoming "special mail," which includes mail from United States courts, may be opened "only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail." 28 C.F.R. §§ 540.2(c), 540.18(a). To receive special handling, the incoming mail must be marked "Special Mail−Open only in presence of the inmate" and the sender must be adequately identified on the envelope. 28 C.F.R. 540.2(c), 540.18(a). If the incoming mail does not meet these requirements, it may be treated as "general correspondence," which can be opened, inspected, and read. Id. §§ 540.14(a) 540.18(b).

Here, the letter at issue was addressed to Schreane at USP-Canaan, marked "SPECIAL MAIL – OPEN ONLY IN THE PRESENCE OF THE INMATE," and contained a return address indicating that it was from the Office of the Clerk. The defendants argued that the letter was properly treated as general correspondence because "the specific name of the sender was absent." Assuming arguendo that, under these circumstances, a specific individual's name must be included in the return address portion of the envelope to satisfy "adequate[] identifi[cation]" requirement of §§ 540.2(c) and 540.18(a), we conclude that Schreane's First Amendment rights were not violated. In particular, a single instance of opening special mail outside an inmate's presence does not rise to the level of a constitutional deprivation. See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995) (distinguishing between single, inadvertent instance of inmate's

6

court mail being opened outside his presence, and pattern and practice of such conduct), abrogated on other grounds by <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). Other than the opening of the letter from the District Court, Schreane has not identified any instances where the defendants mishandled his legal mail. Accordingly, we conclude that the District Court properly granted summary judgment on Schreane's claim that the defendant improperly opened a letter from the District Court outside his presence.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. <u>See</u> I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment. Schreane's motion for appointment of counsel is denied. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).